UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| | |
|---|---|
| CONTINENTAL CASUALTY COMPANY, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| DODSON BOATYARD, LLC, | : |
| | : |
| Defendant. | :   September 27, 2013 |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

COMPLAINT

Now comes the plaintiff, Continental Casualty Company, in its own right and as subrogee of John P. Dunn (hereinafter "Dunn") and Joseph Hanglin (hereinafter "Hanglin"), by their attorneys, Lovejoy & Associates, LLC, and for its Complaint against defendant Dodson Boatyard, LLC, states as follows:

1.      This Court has diversity jurisdiction pursuant to 28 U.S.C. Section 1332 as the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, and the plaintiff's subrogors are respectively residents of the State of Tennessee and Vermont, and on the supplemental jurisdiction of this Court 28 U.S.C. Section 1367.

2.      Venue is proper in this District under 28 U.S.C. Section 1391.

3.      Plaintiff, Continental Casualty Company, is an insurance company doing business in the State of Connecticut and sues in its own right and as subrogee to all of the rights of its insureds Dunn and Hanglin, by virtue of having paid claims made by Dunn and Hanglin, for the loss of the S/V NOMAD OF HAMBLE (H.I.N. SEHRM36382D798) (hereinafter "S/V NOMAD") and the vessel "TWICE AS NICE" (H.I.N. MDNJ5047K304), respectively, and for the loss of their personal property situated on board the said vessels, under policies of insurance

issued to them, and for having incurred expenses and costs following the fire which occurred on or about December 20, 2012.

4.      Defendant Dodson Boatyard, LLC was and is a limited liability corporation pursuant to the laws of the State of Connecticut and at all relevant times was engaged in the business of servicing, selling, mooring, repairing and storing yachts in the State of Connecticut, with an address at 194 Water Street, Stonington, Connecticut 06378.

<u>COUNT I</u>

<u>BAILMENT</u>

Now comes the plaintiff, Continental Casualty Company, by its attorneys, Lovejoy & Associates, LLC, and for Count I of its Complaint against defendant Dodson Boatyard, LLC, states as follows:

5.      Plaintiff Continental Casualty Company realleges paragraphs 1 through 4 of the Complaint, as though set forth in full herein.

6.      That on a date prior to December 20, 2012, the M/V NOMAD and the M/V TWICE AS NICE were received by and accepted into the care, custody and control of defendant Dodson Boatyard, LLC.

7.      That while the S/V NOMAD and the M/V TWICE AS NICE were in the care, custody, and control of defendant Dodson Boatyard, LLC, it agreed to keep the said vessels safe and to perform its duties/services in a proper manner.

8.      That at all times herein mentioned, the defendant Dodson Boatyard, LLC owed to plaintiff's subrogors, Dunn and Hanglin, the duty to safely care for and return the S/V NOMAD and the M/V TWICE AS NICE and the personal property situated thereon, in the like good order and condition as when received by defendant, Dodson Boatyard, LLC, but rather allowed the

said vessels and personal property situated thereon to sustain damages while in defendant Dodson Boatyard, LLC's custody, control and possession.

9.     That when the plaintiff's subrogors, Dunn and Hanglin, left their vessels in the custody and control of Dodson Boatyard, LLC, the said vessels were in all respects in good order and condition.

10.     At all times mentioned herein, plaintiff's subrogors Dunn and Hanglin performed all conditions required of them by law to be performed.

WHEREFORE, plaintiff, Continental Casualty Company, prays that this Court grant it judgment against defendant, Dodson Boatyard, LLC, on Count I of its Complaint for a sum in excess of $400,000.00, plus attorneys fees, interest, costs and such other relief which this Court shall deem proper.

## COUNT II

## NEGLIGENCE

Now comes the plaintiff, Continental Casualty Company, by their attorneys, Lovejoy & Associates, LLC, and for Count II of its Complaint against defendant Dodson Boatyard, LLC, states as follows:

11.     Plaintiff Continental Casualty Company realleges paragraphs 1 through 10 of the Complaint as though set forth in full herein.

12.     That on or about December 20, 2012, a fire broke out while the defendant Dodson Boatyard, LLC  was engaged in the shrink-wrapping of vessels.

13     That the defendant Dodson Boatyard, LLC and/or it agents or assigns were guilty of one or more of the following wrongful acts or omissions:

(a)     Carelessly and negligently performed their duties in respect to shrink wrapping;

(b)     Carelessly and negligently placed the vessels it was storing too close together so that the fire could not be properly contained and was easily spread to other vessels;

(c)     Carelessly and negligently used the shrink wrapping gun in contravention of the manufacturer's instructions;

(d)     Altered and/or changed the shrink wrapping equipment in contravention of the manufacturer's instructions/warning;

(e)     Failed to monitor its shrink wrapping activities to determine if a fire might start;

(f)     Failed to properly instruct/train its employees and/or others in the proper use of shrink wrapping equipment;

(g)     Failed to leave enough room between each vessel to prevent the spread of fire;

(h)     Placed vessels under the Amtrak electrical wires so as to prevent fire responders from being able to either fight the fire and/or adequately fight the fire;

(i)     Were otherwise wanton, willful, negligent and careless.

14.     As a direct and proximate result of one or more of defendant Dodson Boatyard, LLC's  careless, negligent, wanton and/or willful acts or omissions, the S/V NOMAD and M/V TWICE AS NICE sustained damages, and damages to the subrogees personal property thereon, which resulted in their/its total loss.

15.     Plaintiff Continental Casualty Company paid its insureds; Dunn and Hanglin, for their losses, pursuant to the policies of insurance issued to them, and has incurred substantial additional expenses. Said loss and expenses are presently estimated to be in excess of $400,000.00.

WHEREFORE, plaintiff Continental Casualty Company prays this Court to grant it a judgment against defendant, Dodson Boatyard, LLC, on Count II of its Complaint for a sum in

4

excess of $400,000.00, plus attorneys fees, interest, costs and such other relief this Court shall deem proper.

COUNT III

BREACH OF WARRANTY OF WORKMANLIKE SERVICE

Now comes plaintiff Continental Casualty Company, by their attorneys, Lovejoy & Associates, LLC, and for Count III of its Complaint against defendant Dodson Boatyard, LLC, states as follows:

16.     Plaintiff Continental Casualty Company realleges paragraphs 1 through 15 of the Complaint as though set forth in full herein.

17.     That in failing to perform the services that it did perform in a proper manner, defendant Dodson Boatyard, LLC breached the warranty of workmanlike service that it owed to plaintiff and/or its subrogors Dunn and Hanglin; i.e.,

1) that defendant Dodson Boatyard, LLC, failed to perform its shrink wrapping services in a manner approved by the shrink wrap equipment manufacturer;

2) that defendant Dodson Boatyard, LLC failed to properly train its employees/agents in the proper use of its shrink wrap equipment;

3) that defendant Dodson Boatyard, LLC failed to properly supervise its employees/agents;

4) that defendant Dodson Boatyard, LLC failed to timely inspect and/or repair its shrink wrap equipment;

5) that defendant Dodson Boatyard, LLC failed to instruct its employees/agents not to leave its shrink wrap equipment unattended;

6)  that defendant, Dodson Boatyard, LLC, failed to monitor its employees/agents and/or the vessels it was shrink wrapping; and

7)  that defendant, Dodson Boatyard, LLC, was neglectful in its duties and responsibilities to the plaintiff's subrogors and/or their vessels.

8)  that, defendant, Dodson Boatyard, LLC, allowed its employees/agents to alter the shrink wrapping equipment that was used and/or did not require them to abide by the manufacturers instructions.

18.     That as a result of defendant, Dodson Boatyard, LLC's, breach of its warranty of workmanlike service, plaintiffs have been damaged in an amount in excess of $400,000.00.

WHEREFORE, plaintiff Continental Casualty Company prays this Court to grant it judgment against defendant, Dodson Boatyard, LLC, on Count III of its Complaint for a sum in excess of $400,000.00 plus attorney's fees, interest, costs and such other relief which this Court shall deem proper.

Dated: Easton, Connecticut            Lovejoy & Associates, LLC
         September 27, 2013            Attorneys for Plaintiff
                                       Continental Casualty Company


                                       By:___/s/ Frederick A. Lovejoy_____
                                          Frederick A. Lovejoy (Bar No. 5313)
                                          276 Center Road
                                          Easton, Connecticut
                                          (203) 259-9941
                                          (203) 259-9943 (telefax)

Continental-DodsonComplaint9-13.doc